UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARY MARTIN, CHAPTER 7 TRUSTEE for )
TRINITY INNOVATIVE ENTERPRISES, LLC, )
                                     )
                  Plaintiff,         )
                                     )
       v.                            )        Case No. 2:11CV135-PPS/APR
                                     )
DIRECTBUY, INC., BETA FINANCE        )
COMPANY, INC., UCC TOTALHOME, INC.   )
and JOHN DOES 1 THROUGH 10,          )
                                     )
                  Defendants.        )


**<u>OPINION AND ORDER</u>**

This case, and other related cases also before this court,[1] involve the legal aftermath of a

failed franchise. Defendant DirectBuy, Inc. operates a network of "buying clubs" through

franchise agreements. Plaintiff Trinity Innovative Enterprises, LLC operated a DirectBuy

franchise in Allentown, Pennsylvania. Defendant Beta Finance, a DirectBuy associate, played a

role as the source of financing available to fund the membership fee required of member/

customers of Trinity's DirectBuy franchise. After the failure of the business, Trinity filed a

Chapter 11 petition in the bankruptcy court in the Eastern District of Pennsylvania. After

conversion to Chapter 7 proceedings, Trinity's Chapter 7 Trustee, Mary Martin, brought an

adversary proceeding making certain claims against DirectBuy and Beta.[2] The bankruptcy judge

---

[1] These are *DirectBuy, Inc. v. Thomas Giacchi and Joyce Giacchi*, Case No. 2:09CV110, and *Thomas Giacchi and Joyce Giacchi v. DirectBuy, Inc. and Beta Finance Company, Inc.*, Case No. 2:11CV41. The latter case has now been consolidated into the former.

[2] The operative first amended complaint names two additional defendants. Defendant UCC TotalHome, Inc. is named as another DirectBuy affiliate that, like Beta, provides financing for DirectBuy memberships. DE 3, ¶12. In the motion to dismiss, DirectBuy and Beta indicate that DirectBuy, Inc. was formerly known as UCC TotalHome, Inc. DE 16, p.1. The first amended

construed Counts I and II of Martin's first amended complaint as state law claims and transferred that portion of the case to this court to be heard in conjunction with the two other cases here arising from the same failed DirectBuy franchise.  Now before me is DirectBuy and Beta's motion under Fed.R.Civ.P. 12(b)(6) to dismiss Counts I and II.[3]

Rule 12(b)(6) requires that a court "take[] all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff."  *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).  Then the complaint must state a "plausible" claim for relief.  This means that in order to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face....A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Count I is a request for an accounting.  On its face as pled, the claim is not made pursuant to the turnover provision of §542(a) of the Bankruptcy Code and indeed has already been construed by the bankruptcy court (and acknowledged by Martin) to be a claim for an equitable accounting under state law.  DE 1, p.2, n.4.  Beta and DirectBuy argue that the claim is subject to dismissal because it fails to allege, much less support by factual averments, that Trinity's Trustee

_____

complaint also names as defendants John Does 1 through 10, identifying them only as persons or entities in possession of property of the bankruptcy estate, and making no further mention of them.  DE 3, ¶8.

[3]  Because both claims transferred here were understood to be claims under state law, I will not address arguments treating either of the claims as made under the Bankruptcy Code.  Such arguments may in fact be surplusage left over from the earlier briefing of the motion to dismiss in the bankruptcy court.  Any effort by plaintiff Martin to pursue claims under the Bankruptcy Code should be addressed to the bankruptcy court in proceedings there.

lacks an adequate remedy at law, which is a "necessary prerequisite to the right to maintain a suit for an equitable accounting." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962).   To the extent this argument focuses on the pleading of legal conclusions, it is unpersuasive, because recent case law highlights that merely pleading the elements of a claim is not necessary and is insufficient.   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949.   "In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, ___ F.3d ___, 2011 WL 4975644, *4 (7th Cir.  Oct. 20, 2011).

In any event, the *Dairy Queen* decision cited by Beta and DirectBuy goes on to explain that one means of satisfying the no-adequate-remedy-at-law prerequisite is for the plaintiff ultimately to show that the 'accounts between the parties' are of such a 'complicated nature' that they can be satisfactorily unraveled only by a court of equity.  *Id.*, quoting *Kirby v. Lake Shore & Michigan Southern R. Co.*, 120 U.S. 130, 134 (1887).  Martin argues that an accounting is appropriate due to the "complex and complicated nature of the transactions that occurred both pre-petition and post-petition" based on "the intimate franchisee/franchisor relationship between Defendants and Debtor."  DE 18, pp.14-15.  The factual content of the first amended complaint describes the triad relationship among Trinity, DirectBuy and Beta based on the Franchise Agreement and the Beta Finance Agreement, under which DirectBuy initiated electronic sweeps of Trinity's bank account to draw royalties and other payments.  DE 3, ¶¶13, 16, 22.  The first

3

amended complaint alleges that such sweeps continued after the termination of the Trinity franchise, as did Beta's withholding of moneys from Trinity to be remitted instead to DirectBuy. *Id.* at ¶¶25, 31, 34.  These and other factual allegations plausibly support a reasonable inference of a degree of complexity in the accounts between the parties sufficient to insulate the equitable accounting claim from a Rule 12(b)(6) challenge.  The motion to dismiss Count I will be denied.

Count II , although it is labeled "Turnover of Property of the Estate" and cites Section 542 of the Bankruptcy Code, has been construed by the bankruptcy court as actually asserting breach of contract claims based on the Franchise Agreement and/or Beta Finance Agreement. On the basis of this breach of contract interpretation, the claim was transferred here.  For that reason, not to mention questions about whether I would have jurisdiction over a turnover claim under the Bankruptcy Code, I deal with Count II only as a breach of contract claim, and will not undertake an analysis of §542.[4]

Insofar as DirectBuy and Beta challenge whether Martin has stated a claim for breach of contract, that analysis seems unfair where Martin was instead attempting to plead a turnover claim under the Bankruptcy Code.  In these circumstances, I will deny the motion to dismiss

---

[4] The movants argue that the claim fails to state a plausible entitlement to recovery under both contract principles and §542(a) of the Bankruptcy Code.  In response, Martin asserts that "Defendants cannot dispute that Count II of the First Amended Complaint states a viable turnover claim under Section 542.  In this regard, the Bankruptcy Court has already ruled on that issue." DE 18, p. 18.  To the contrary, in his order transferring Counts I and II, the bankruptcy judge wrote:

> Count II of the First Amended Complaint is labeled as a turnover claim under 11 U.S.C. §542(a).  I agree with Defendants, however, that the claims raised in Count II are not true turnover claims, but rather are the same breach of contract claims that are being litigated in the Indiana District Court.

DE 1, p.3, n.4.

Count II without prejudice, and offer Martin the opportunity to file an amended complaint re-pleading Count II as a breach of contract claim.  Thereafter, DirectBuy and Beta may file a new motion to dismiss if they contend that Count II still fails to state a viable claim for breach of contract.  Otherwise, after considerable delay inherent in the transfer and sorting out of the three related cases, it is finally time to get on with discovery and move the matters toward disposition on the merits.  If Martin wishes to persist with a turnover claim under 11 U.S.C. §542(a), she will need to pursue that matter with the bankruptcy court.

ACCORDINGLY:

The Renewed Motion of Defendants DirectBuy, Inc. and Beta Finance Company, Inc. to Dismiss Counts I and II of Plaintiff's Amended Complaint [DE 16] is **DENIED as to Count I and DENIED WITHOUT PREJUDICE as to Count II.**

Plaintiff Mary Martin, Trustee, is granted **21 days** from the date of this order in which to **file a second amended complaint** in which Count II is re-pled as a breach of contract claim.

**ENTERED: October 26, 2011**

    ___/s/ Philip P.  Simon_____
    **Chief Judge**
    **United States District Court**