UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY MARTIN, CHAPTER 7 TRUSTEE for TRINITY INNOVATIVE ENTERPRISES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:11CV135-PPS/APR |
| DIRECTBUY, INC., BETA FINANCE COMPANY, INC., UCC TOTALHOME, INC. and JOHN DOES 1 THROUGH 10, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

My October 26, 2011 order granted plaintiff Trustee Mary Martin 21 days to file a second amended complaint in which Count II was re-pled as a breach of contract claim. What Martin has filed contains a Count II labeled as a breach of contract claim, but which is an out-of-control amalgamation of allegations and claims that Martin attempts to cobble together with incorporation by reference from four other lawsuits. Two of the other actions were filed on behalf of Debtor Trinity Enterprises in the bankruptcy court in the Eastern District of Pennsylvania, but two are class action complaints filed by other plaintiffs against defendants DirectBuy, Beta and UCC in district courts in Connecticut and New York. Attaching the pleadings from those cases along with an amicus brief filed in the Connecticut class action, Martin has supplemented the second amended complaint with a whopping 275 pages of pleadings and exhibits from these other lawsuits, from which applicable "incorporated" information would have to be culled.

The result is intolerable. The defendants cannot reasonably be expected to respond to such a pleading, nor can I reasonably be expected to be able to construe it. Excising certain referenced factual allegations here and portions of specified claims there is unworkable. Within the single count, Martin attempts to incorporate *multiple* counts from other actions (*e.g.*, from the first Pennsylvania complaint, Counts I, VI, VIII and IV, but with certain exclusion and additions from each). As to the cited class action complaints, the attempt to incorporate those actions' allegations of "systematic **fraud** by receiving undisclosed kickbacks from manufacturers whose products were offered to DBI members" [DE 30 ¶26] is far afield from the anticipated formulation of a Count II *clarifying* – not expanding and unreasonably complicating -- a claim for **breach of contract** involving the Franchise Agreement and Finance Agreement with Trinity. In addition to fraud, the new Count II's broad brush would also sweep in legal theories of good faith and fair dealing, and unjust enrichment. [DE 30 ¶28].

Count II of the second amended complaint clearly is not a "short and plain statement" of a claim for breach of contract "showing that the pleader is entitled to relief," as required by Fed.R.Civ.P. 8(a)(2). I will offer Martin one more opportunity to plead such a claim. Rather than the piecemeal pleading that results from incorporation by reference, the third amended complaint should contain in its text all the factual allegations and legal assertions upon which it relies.

ACCORDINGLY:

Plaintiff's Second Amended Complaint [DE 30] is **STRICKEN**, and Plaintiff Mary Martin, Trustee, is granted **14 days** from the date of this order in which to **file a third amended**

**complaint** in which Count II is re-pled as a short and plain statement of a breach of contract claim showing that the pleader is entitled to relief.

  **ENTERED: December 5, 2011**

                **/s/ Philip P. Simon**
                **Chief Judge**
                **United States District Court**